

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00190-CR

KEARAYAN QUINTON WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47259-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Kearayan Quinton Williams has filed an untimely notice of appeal from a conviction of possession of a controlled substance.[1] We dismiss the appeal for want of jurisdiction.

The judgment of conviction in this matter indicates that Williams' sentence was imposed on July 18, 2018, and that his notice of appeal was filed on October 23, 2018. There is nothing in the appellate record to indicate that Williams filed a motion for new trial. In the absence of a timely motion for new trial, Williams, to perfect his appeal, was required to file his notice of appeal within thirty days of the date sentence was imposed, or on or before August 17, 2018. *See* TEX. R. APP. P. 26.2(a)(1). The notice of appeal, therefore, was untimely.

We notified Williams by letter that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction. We gave Williams ten days to respond to our letter and to demonstrate how we have jurisdiction over the appeal notwithstanding the noted defect. Counsel for Williams responded, stating that he was unaware of his appointment as Williams' counsel until October 23, 2018, when he received a telephone call from the official court reporter for the 124th Judicial District Court, inquiring as to whether a reporter's record from Williams' jury trial was needed for his appeal. Appointed counsel filed the notice of appeal as soon as he received that telephone call on October 23, 2018.

While we are not unsympathetic to this circumstance, we lack authority to create jurisdiction where none exists. The Texas Court of Criminal Appeals has expressly held that, without a timely notice of appeal, we cannot exercise jurisdiction over an appeal. *See Olivo v.*

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

*State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

Because Williams did not timely file his notice of appeal, we dismiss the appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     November 5, 2018
Date Decided:       November 6, 2018

Do Not Publish